24-2634-cv
Richards v. City of N.Y. Comptroller

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 10th day of July, two thousand twenty-six.

PRESENT:  RAYMOND J. LOHIER, JR.,
                          *Chief Judge*,
                  BARRINGTON D. PARKER,
                  DENNY CHIN,
                          *Circuit Judges*.

------------------------------------------------------------------

ALROY D. RICHARDS,

          *Plaintiff-Appellant*,

          v.                                                    No. 24-2634-cv

CITY OF NEW YORK, MARK
LEVINE, IN HIS OFFICIAL
CAPACITY AS CITY OF NEW
YORK COMPTROLLER, JOHN
PASTORIZA, D. SAROFF,

          *Defendants-Appellees*.[*]

------------------------------------------------------------------

_____

[*] The Clerk of Court is respectfully directed to amend the caption as set forth above.

FOR PLAINTIFF-APPELLANT: ALROY D. RICHARDS, *pro se*, Valley Stream, NY

FOR DEFENDANTS-APPELLEES: Janet L. Zaleon, Assistant Corporation Counsel (Deborah A. Brenner, of Counsel, *on the brief*), *for* Muriel Goode-Trufant, Corporation Counsel of the City of New York, New York, NY

Appeal from a judgment of the United States District Court for the Southern District of New York (Ronnie Abrams, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED and the remainder of the appeal is DISMISSED.

Plaintiff Alroy D. Richards, representing himself, appeals from the judgment of the United States District Court for the Southern District of New York (Abrams, *J.*) adopting in full the report and recommendation of the Magistrate Judge (Willis, *M.J.*) and dismissing his action for failure to prosecute and failure to comply with discovery orders under Federal Rules of Civil Procedure 41(b) and 37(b), respectively.[1]  Richards also seeks to appeal an

---

[1] The District Court did not enter final judgment in a separate document as required by Rule 58 of the Federal Rules of Civil Procedure.  *See* Fed. R. Civ. P. 58(a).  But "failure to set forth a judgment or order on a separate document when required by [Rule] 58(a)

interlocutory order granting Defendants' motion to dismiss all claims except his Fourth Amendment claim against Defendant D. Saroff. We assume the parties' familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision to affirm in part and dismiss in part.

In reviewing a district court's dismissal of an action under Rules 41(b) and 37(b), we broadly consider whether the court abused its discretion by making an error of law or a clear factual error. *See Park v. Kim*, 91 F.4th 610, 612 (2d Cir. 2024). In reviewing a claim of error under Rule 41(b), we consider five factors:

> whether[] (1) the plaintiff's failure to prosecute caused a delay of significant duration; (2) plaintiff was given notice that further delay would result in dismissal; (3) defendant was likely to be prejudiced by further delay; (4) the need to alleviate court calendar congestion was carefully balanced against plaintiff's right to an opportunity for a day in court; and (5) the trial court adequately assessed the efficacy of lesser sanctions.

*United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004). A district court does not need to discuss each factor on the record. *See Shannon v. Gen. Elec. Co.*, 186 F.3d 186, 194 (2d Cir. 1999).

---

does not affect the validity of an appeal from that judgment or order." Fed. R. App. P. 4(a)(7)(B). Under Rule 58(c)(2)(B), the judgment became final on February 20, 2025, 150 days after the order was entered on the docket. *See* Fed. R. Civ. P. 58(c)(2)(B).

3

Likewise, "several factors may be useful in evaluating a district court's exercise of discretion to dismiss an action under Rule 37," including "(1) the willfulness of the non-compliant party or the reason for noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance, and (4) whether the non-compliant party had been warned of the consequences of noncompliance." *Agiwal v. Mid Island Mortg. Corp.*, 555 F.3d 298, 302 (2d Cir. 2009) (citation modified).

With these non-exclusive factors in mind, we conclude that the District Court acted within its discretion to dismiss Richards's action pursuant to Rules 41(b) and 37(b) given the following record: (1) Richards failed to comply with discovery orders, resulting in a 10-month delay; (2) Richards received notice that failure to comply could result in dismissal; (3) the District Court concluded that further delay would prejudice Defendants' ability to litigate this action; (4) the Magistrate Judge balanced the need to alleviate "court calendar congestion" against Richards's right to be heard; (5) the District Court considered, but rejected, lesser sanctions; and (6) Richards stated he would "never" comply with the discovery orders. Dist. Ct. Dkt. No. 176 at 5–6 (citation modified).

4

Lastly, Richards also challenges the District Court's partial grant of the Defendants' motion to dismiss, which is an interlocutory order. With exceptions not applicable here, "interlocutory orders do not properly merge with a final judgment dismissing an action for failure to prosecute," *Shannon*, 186 F.3d at 192, or for "noncompliance with discovery orders," *Marquez v. Silver*, 96 F.4th 579, 583 (2d Cir. 2024). "We have explained that if a litigant could refuse to proceed whenever a trial judge ruled against him, wait for the court to enter a dismissal for failure to prosecute, and then obtain review of the judge's interlocutory decision, the policy against piecemeal litigation and review would be severely weakened." *Id.* (citation modified). We therefore lack jurisdiction to consider Richards's appeal insofar as it challenges the District Court's interlocutory order. *See id.* "Although we lack appellate jurisdiction to review the [District Court's] interlocutory order[] at this stage," Richards "may seek appellate review" of the order "if and when the District Court enters an eventual final judgment on the merits." *Id.* at 584 (citation modified).

**CONCLUSION**

We have considered Richards's remaining arguments and conclude that they are without merit.  For the foregoing reasons, the judgment of the District Court is AFFIRMED and the remainder of the appeal challenging the District Court's partial grant of the Defendants' motion to dismiss is DISMISSED without prejudice for lack of appellate jurisdiction.

<div style="margin-left:40%">

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

</div>

6